IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 18-MJ-01092

UNITED STATES OF AMERICA,

Plaintiff,

v.

Anthony Longo,

Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

This matter is before the Court for detention hearing on October 30, 2018. The Court has taken judicial notice of the Court's file and the Pretrial Services Report. Moreover, the Court has considered that the defendant does no contest detention.

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

    (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the Pretrial Services Report and the entire court file. Lastly, I have considered the proffers submitted by the government and defense counsel and the arguments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged with the offense of Felon in Possession of a Firearm, 18 U.S.C. §922(g)(1).

Second, according to the Pretrial Services Report, the defendant has an extensive history of committing crimes while on supervised release or while on probation. In addition, he has an extensive history of failing to appear to answer for pending charges. He has had eight terms of probation revoked as well as on deferred sentence revoked. Warrants have been issued on eleven occasions for failure to comply with court instructions and/or probation as well as a warrant for contempt of court.

In light of these facts, I find, by a preponderance of the evidence, that defendant is a flight risk and that there is no condition or combination of conditions of release that will reasonably assure his presence in court. Accordingly, I order that the defendant be detained without bond.

DATED and ENTERED this 30th day of October, 2018

BY THE COURT

s/ N. Reid Neureiter
N. Reid Neureiter
U.S. Magistrate Judge